IN THE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re | Case No.: 22-18688-PGH |
| Miyuki Fujiwara, | Chapter 7 |
| Debtor. | |
| Takahiro Kohara, an individual; and Marui, Inc., a Florida corporation, | Adversary No.: |
| Plaintiffs | |
| v. | |
| Miyuki Fujiwara, | |
| Defendant. | |

**COMPLAINT TO**
**DETERMINE DISCHARGEABILITY**

Plaintiffs Takahiro Kohara and Marui, Inc. hereby file this complaint against Defendant Miyuki Fujiwara to determine the dischargeability of the debt owed by the Defendant to Plaintiffs under section 523 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs bring this adversary proceeding against the Defendant in connection with the Defendant's Chapter 7 case pending before this Court, case number 22-18688-PGH (the "**Main Case**").

2. Plaintiff Takahiro Kohara is an individual who is a citizen of Japan and is *sui generis*.

3. Plaintiff Marui, Inc. is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

4. Defendant is an individual who is the debtor in the Main Case.

5. This case is a core proceeding under section 157(a)(2)(I) and (J) of title 28 of the United States Code, and this Court has jurisdiction over this matter under sections 157 and 1334 of title 28 of the United States Code granting the U.S. district courts and bankruptcy courts original and exclusive jurisdiction of all cases under title 11.

6. Venue is proper in this Court under section 1408 of title 28 of the United States Code.

7. All conditions precedent to the institution, maintenance, and prosecution of this action have been performed, excused, waived, or have otherwise occurred.

## FACTUAL ALLEGATIONS

8. Mr. Kohara is a licensed and registered real estate broker under the laws of Japan and is the President of Marui, Inc.

9. Mr. Kohara specializes in, among other things, identifying, procuring and cultivating Japanese investors who are interested in purchasing real property around the world, including but not limited to property located in South Florida.

10. Mr. Kohara introduces these investors to real estate agents who are authorized to represent the investors through the closing of the transactions in local markets and jurisdictions.

11. Hiroaki Hayashi, a Japanese citizen, is Mr. Kohara's business partner and assists Mr. Kohara in cultivating Japanese investors.

12. As compensation for his efforts and services in procuring Japanese investors, Mr. Kohara enters into commission-sharing agreements with local real estate agents, with the understanding that he is to be paid an agreed-upon percentage from the commission earned by the local agent.

13.     The Defendant is a Florida licensed real estate agent associated with a Florida licensed real estate broker.

14.     In or about September 2013, Mr. Kohara, Mr. Hayashi, and the Defendant, in her individual capacity and in her capacity as the owner and authorized agent of Fujiwara, LLC, entered into an oral partnership agreement whereby Mr. Kohara, Mr. Hayashi, and the Defendant would become equal partners in the joint endeavor to pool their resources to earn commissions from the sale of real property in South Florida.

15.     Pursuant to the oral agreement, Messrs. Kohara and Hayashi incurred time and expenses in their efforts to further the joint venture by procuring and cultivating Japanese investors who were interested in purchasing real property in South Florida.

16.     Messrs. Kohara and Hayashi introduced these investors to Fujiwara in her individual capacity and in her capacity as the owner and authorized agent of Fujiwara, LLC.

17.     Mr. Kohara reposed trust and confidence in the Defendant.

18.     The Defendant, in her capacity as the owner and agent of Fujiwara, LLC invited Mr. Kohara's trust by assuming the duty to represent the investors introduced to her through the closing of the transactions in the local South Florida market, and to provide consulting services to the investors based on her experience as a real estate agent.

19.     The partnership agreement provided that the parties would divide all commissions derived from the business, *i.e.* the sale of real property to investors procured by Messrs. Kohara and Hayashi, and share all expenses on a one-third, one-third, one-third basis.

20.     The Defendant performed under the agreement for several months by paying shares of commissions from the sale of real estate in South Florida to investors introduced to her by Mr. Kohara.

21. The agreement was subsequently memorialized in a written document styled "Real Estate Property Sales Commission Agreement" (the "**Contract**"), a true and correct copy of which is attached as **Exhibit 1**.

22. The Contract was executed on April 23, 2014.

23. Pursuant to the terms of the Contract, for each investor that Mr. Kohara and/or Mr. Hayashi introduced to the Defendant that culminated in a sale of real property and a payment of a commission to Fujiwara, Fujiwara LLC, or any other company owned by the Defendant, the Defendant and/or her company would keep one third of the net commission with the remaining two thirds to be paid to Marui, Inc. within fourteen days, that is then obligated under the Contract to pay one third to Hayashi.

24. After the parties entered into the Contract, Mr. Kohara introduced several Japanese investors to the Defendant, who purchased over forty properties for a total amount of nearly $50,000,000.00 in sales, with the Defendant representing them as their local real estate agent in the transactions.

25. As a result of these transactions, the Defendant received a total commission amount of approximately $2,672,000.00, and a net commission amount of roughly $2,300,000.00.

26. According to the express terms of the Contract, the Defendant was entitled to retain one third of the net commission amount, or approximately $766,000.00.

27. The Defendant was obligated to pay Mr. Kohara the remaining two thirds, or approximately $1,533,000.00.

28. From September 2013 through 2014, Mr. Kohara resided in Miami-Dade County and the Defendant performed under the Contract.

29. Mr. Kohara moved to Japan in April 2014.

30.     Since that time, the Defendant ceased paying Mr. Kohara and Marui the commissions owed under the Contract.

31.     To date, the Defendant has paid Plaintiffs less than $500,000.00 of the approximately $1,533,000.00 in commissions owed to them.

32.     The Defendant has refused to pay Plaintiffs the more than $1,000,000.00 due and owing under the Contract in spite of demand.

33.     The Defendant continues to transact business with the clients that Mr. Kohara introduced to her, and has continued to earn commissions on such sales, but has not paid Plaintiffs the agreed-upon share of commissions.

34.     Plaintiffs have fulfilled all of their obligations under the Contract and are therefore entitled to be compensated for the full amount of the commissions due and owing from the Defendant.

35.     Plaintiffs were engaged in litigation with the Defendant in Miami-Dade Circuit Court since September 2018 in the case styled *Takahiro Kohara et al. v. Miyuki Fujiwara et al.*, case number 2018-31841-CA-01 (the "**State Case**").

36.     With the filing of the Main Case on November 9, 2022, the State Case proceedings were stayed.

37.     Mr. Kohara filed a claim for $1,533,000.00 on January 6, 2023 in the Main Case, representing the full amount of commissions owed to him by the Defendant.  [Claim 3 in Main Case].

## COUNT 1
### Non-Dischargeability under Section 523(a)(2)(A) – Actual Fraud

38.     Plaintiffs incorporate by reference as if fully restated herein all the factual allegations set forth above.

5

39. Under Bankruptcy Code section 523(a)(2)(A), "A discharge under section 727 . . . does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

40. Ms. Fujiwara owes a debt of money to Plaintiffs pursuant to the Contract because she earned commissions from the sale of real estate, one third of which she owed to Plaintiffs.

41. Ms. Fujiwara obtained the debt with actual fraud because she took receipt of commissions on real estate sales that were subject to the Contract with the intent not to pay the Plaintiffs the one third owing to them.

42. Plaintiffs were damaged in the amount of at least $1,000,000.00 as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiffs request that the Court enter judgment determining that the debt owed to Plaintiffs is non-dischargeable under section 532(a)(2)(A) of the Bankruptcy Code and grant such further relief as the Court deems proper.

**COUNT 2**
**Non-Dischargeability under Section 523(a)(4) – Fiduciary Fraud and Defalcation**

43. Plaintiffs incorporate by reference as if fully restated herein all the factual allegations set forth above.

44. Under Bankruptcy Code section 523(a)(4), "A discharge under section 727 . . . does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

45. Plaintiffs reposed the utmost trust and confidence in Ms. Fujiwara by partnering with her under the Contract under which they agreed to trust her with investors Plaintiffs would introduce to her to purchase real estate with Ms. Fujiwara serving as agent.

46. Plaintiffs trusted that Ms. Fujiwara would take receipt of real estate commissions on sales to the investors to forward on Plaintiffs' one-third share in the commissions.

47. On account of Plaintiffs trust in Ms. Fujiwara, Ms. Fujiwara became a fiduciary of the Plaintiffs, owing fiduciary duties to them.

48. Ms. Fujiwara breached these duties by defrauding Plaintiffs by retaining for herself the commissions she earned on real estate transactions with investors introduced to her by Mr. Kohara and by not paying Mr. Kohara his one-third share of the commissions.

49. Mr. Fujiwara further breached these duties by defalcating the commissions entrusted to her by Plaintiffs by retaining the funds for herself rather than paying Plaintiffs their one-third share of the commissions.

50. Plaintiffs were damaged in the amount of at least $1,000,000.00 as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiffs request that the Court enter judgment determining that the debt owed to Plaintiffs is non-dischargeable under section 532(a)(4) of the Bankruptcy Code and grant such further relief as the Court deems proper.

### COUNT 3
### Non-Dischargeability under Section 523(a)(6) – Willful and Malicious Injury

51. Plaintiffs incorporate by reference as if fully restated herein all the factual allegations set forth above.

52. Under Bankruptcy Code section 523(a)(6), "A discharge under section 727 . . . does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

53. Ms. Fujiwara retained commissions on real estate transactions which the Contract dictated one third was owed to Plaintiffs.

54. Plaintiffs were injured on account of Ms. Fujiwara's actions in the amount of at least $1,000,000.00 because they lost this amount, which was owed to them under the Contract.

55. Ms. Fujiwara's injurious actions were done willfully because she was aware of her obligations under the Contract and in fact performed under the terms of the Contract for several months before ceasing to remit commissions to Plaintiffs.

56. Ms. Fujiwara's injurious actions were done maliciously because she undertook her actions with specific intent to retain Plaintiffs' one-third share of the real estate commissions for herself.

57. Plaintiffs were damaged in the amount of at least $1,000,000.00 as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiffs request that the Court enter judgment determining that the debt owed to Plaintiffs is non-dischargeable under section 532(a)(6) of the Bankruptcy Code and grant such further relief as the Court deems proper.

Dated: April 18, 2023

Respectfully submitted,

By: /s/ *Theodore Sandler*
Theodore (Tuvia) Sandler, Esq. (No. 1015927)
tsandler@stoklaw.com
**STOK KON + BRAVERMAN**
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777

*Counsel to Takahiro Kohara and Marui, Inc.*